888 F.2d 1387
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven SAUVEY, Defendant-Appellant.
 No. 89-5081.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 25, 1989.
Decided Oct. 20, 1989.
 
 Robert Thomas Hargett, Hargett & Hargett, on brief for appellant.
 Margaret Person Currin, United States Attorney, J. Douglas McCullough, Assistant United States Attorney, Joseph C. Wyderko, Department of Justice, on brief for appellee.
 Before PHILLIPS, MURNAGHAN, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Steven Sauvey appeals from the judgment of the district court sentencing him to forty-six months imprisonment based on the trial court's finding of a base offense level of 28 under the sentencing guidelines (The Sentencing Reform Act of 1984, 18 U.S.C. Secs. 3551, et seq.) (The Act). We affirm.
 
 
 2
 Sauvey had been indicted for conspiracy to possess with intent to distribute in excess of one kilogram of cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and pled guilty to that charge. The overt act alleged in the indictment, however, was his involvement in handling two kilograms of cocaine. Four co-defendants were indicated along with Sauvey. His co-defendants had been members of the United States Coast Guard, who retrieved twenty-four kilograms of cocaine while acting in the line of duty on October 27, 1987. Betraying their duty, however, they reported finding only twenty kilograms and kept the remaining four kilograms for themselves. One of the crewmen was Sauvey's brother-in-law who later took two kilograms of the cocaine to Sauvey's residence and with Sauvey's assistance buried it in a vacant lot next to the residence. It was later retrieved and sold in November and late December 1987.
 
 
 3
 On appeal, Sauvey contends that since the offense was committed on October 27, 1987, and the Act became effective on November 1, 1987, that application of the Act to his offense runs afoul of the Article I ex post facto prohibition. He also contends that the trial court's finding the base offense level to be 28[1] was a violation of his due process rights under the fifth amendment--contending that the offense level should have been 26 since he had pled guilty to an offense involving only one kilogram of cocaine.[2] Sauvey argues that the trial court was required to base its finding that he was involved in a two kilogram transaction on evidence proving that fact beyond a reasonable doubt. He urges that viewed under any standard there was no such evidence.
 
 
 4
 We affirm. Although the initial underlying substantive offense of secreting the four kilograms of cocaine occurred on October 27, there is no question but that the conspiracy to which Sauvey pled guilty continued through November and part of December 1987. The sentencing guidelines properly apply to such a conspiracy offense. United States v. White, 869 F.2d 822, 826 (5th Cir.1989). As to the other issue, the district court, in accepting the presentence report that Sauvey had dealt with two kilograms of cocaine, considered Sauvey's own testimony at the sentencing hearing:
 
 
 5
 The Court finds by the defendant's own statement that he knew there were two [packages] there; his brother-in-law told him. I don't know that it's necessary that he see them for purposes of application of the sentencing guidelines. Therefore, the objection, number two, is overruled and the Court determines that the probation office was correct in using two kilograms in the computation.
 
 
 6
 This is a sufficient finding under our recent decision in United States v. Urreqo-Linares, 879 F.2d 1234 (4th Cir.1989).
 
 
 7
 The judgment of the district court, therefore, is affirmed. We dispense with oral argument because the facts and the legal contentions are adequately presented in the materials before us and because argument would not aid in the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 The level was then decreased by six for apropriate reasons. Sauvey had one previous criminal conviction, placing him in Category II
 
 
 [2]
 The Drug Quality Table (Guidelines Sec. 2.D1.1(a)(3)) specifies a level of 26 for an offense involving 0.5 to 1.9 kilograms of cocaine and a level of 28 for an offense involving 2 to 3.4 kilograms